**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

**CRIMINAL NO.  1:08CR42**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | |
| **VS.** | ) | **MEMORANDUM AND** |
| | ) | **O R D E R** |
| | ) | |
| **MOISES GARZA RAMIREZ** | ) | |
| _____ | ) | |

**THIS MATTER** came on for an evidentiary hearing before the Court

on May 12, 2008, on the Defendant's motion to suppress.  The Defendant

was present with counsel as was counsel for the Government.  The parties

presented evidence and counsel were afforded full opportunity to be heard.

For the reasons set forth below, the Court denies the Defendant's motion.


## I.  PROCEDURAL HISTORY

The Defendant has been charged in a one count bill of indictment

with the possession of a firearm by an illegal alien in violation of 18 U.S.C.

§ 922(g)(5).  **Bill of Indictment, filed April 1, 2008.**  On April 10, 2008, the

Defendant was formally arraigned on the charge contained in the

indictment, at which time he entered a not guilty plea, and his trial was set for the Court's May 2008 term in the Asheville Division. ***See* Arraignment Order, filed April 10, 2008.** The Defendant has been ordered held without bond. ***See* Order of Detention, filed March 25, 2008.** On April 21, 2008, the Defendant filed his first motion to suppress alleging the search of his residence (resulting in the charges herein) was unlawful on the grounds that voluntary consent was not given, he did not understand his *Miranda* rights to remain silent pending legal representation, and that if given, consent was overly broad and, therefore, invalid. ***See* Defendant's Motion to Suppress Evidence, filed April 21, 2008.** Defendant filed an amended motion later the same date, and then filed a second amended motion on April 28, 2008. These amended motions allege the same or similar grounds for relief as set forth in the first motion to suppress.

## II.  FINDINGS OF FACT

From the evidence presented at the hearing, and by a preponderance thereof, the Court makes the following findings of fact.

In May 2007 and subsequent thereto, law enforcement officers began investigating the importation and sale of illegal drugs in Western

North Carolina including Henderson County.  On March 12, 2008, a drug buy/bust operation resulted in the seizure of a pound of methamphetamine and the arrest of two active participants, Jose Perez-Herrera and Uzziel Cuevas-Mendez.  As a further result of the ongoing investigation and these arrests, the Defendant was implicated as a participant in the distribution of methamphetamine in Henderson County.

Following the arrests of Herrera and Mendez, Immigration and Customs Enforcement ("ICE") Special Agent Gregory McClain along with several other officers went to Defendant's residence.  Agent McClain, who is fluent in the Spanish language, went to the door and knocked; four or five other officers were visible around the door.  The officers were armed and wore clothing identifying them as police, as is the usual and customary practice in drug investigations as it is the officers' experience that people involved in drug activities have a tendency toward violence and to possess weapons.  At no time did any officer unholster a weapon or threaten Defendant in any way.[1]

---

[1] While outside and before entering the house, an officer did remove his weapon from the holster when he observed the blinds in the residence closing.  There is no evidence, however, that Defendant or any other occupant saw the officer's actions or felt threatened by such.

A female answered the door and Agent McClain inquired if Defendant was there and, if so, for him to come to the door.  Defendant did so and on request, gave verbal permission for the officers to enter.  Some of the officers and Agent McClain entered the residence; Agent McClain sat at a dining table with the Defendant while the other officers stood at the door.  At no time did Defendant request that he be permitted to leave, nor did he attempt to do so.  At no time was any person handcuffed or restrained inside the house.

Speaking in Spanish, Agent McClain explained to the Defendant the purpose of their visit and presented to him a consent to search form written in Spanish.[2]  After he read it, the Defendant returned the form to Agent McClain; the Defendant advised he understood the contents of the form, he then signed the form, and gave the officers consent to search his residence.  Following this consent, the other officers began searching the house.  Defendant did not ask any questions nor did the female also seated at the table with the Defendant and Agent McClain.  Defendant

---

[2] Prior to going to Defendant's residence, the officers did not apply for a search warrant nor was one sought during the search.  ***See* Exhibits A and B *attached to* Government's Response to Motion to Suppress, filed April 30, 2008.**

never objected to the search nor was he threatened or coerced in any way at any time. While searching the Defendant's bedroom, the officers found a 9mm pistol, and in close proximity thereto, a loaded clip or magazine for the pistol. Defendant stated the 9mm pistol belonged to him.

At this time, Officer McClain gave to Defendant a *Miranda* rights waiver form written in Spanish; Defendant read the form, stated he understood its contents, and then signed the form. Defendant told the officers he had the pistol for protection and admitted he was a native of Mexico and was in the United States illegally.

Defendant testified that he was afraid when he saw the officers but gave them his permission to enter the house when Agent McClain asked to do so. He was not threatened. The Defendant testified that Agent McClain requested to search the house; Defendant and Agent McClain sat at the kitchen table with three to four other people also in the room. Defendant testified that Agent McClain told him he was conducting a drug investigation and believed the Defendant was involved in such activity. He stated he read the consent to search form and the *Miranda* waiver, but did not understand them well because he was nervous and felt he had to sign the forms. He testified that although he felt pressured, he knew he could

tell them to leave his house. He knew he did not have to talk to the agents, but did not feel free to leave. He did not ask any questions after reading the forms. He was advised and understood that he had the same rights as an American citizen, although he did not know what those rights were.

The Defendant testified that Agent McClain spoke to him in Spanish, that he was not violent towards him, and never handcuffed him until they went outside. Defendant denies he admitted to the officers that he was in the United States illegally. He testified that he went to school in Mexico and reads Spanish. He has been in the United States four years and has previous charges of driving with no operator's license.

From the foregoing findings of fact, the Court concludes that the Defendant knew and understood what he was doing when he signed the consent to search form and the *Miranda* waiver form; the consent to search and waiver of *Miranda* rights were voluntarily given without threat or coercion on the part of law enforcement officers and is binding on Defendant; that the record is void of any evidence to suggest that Defendant did not know what he was doing at the time he gave his consent or that his reason was so overcome by threat, coercion, fear, or undue influence that his consent was tainted by the officers' illegal conduct

rendering the resulting evidence inadmissable.  Nor was his Fourth Amendment right to be secure in his home against unreasonable search and seizure tainted by the officers' entry into his home after receiving his consent to do so.

"[A]n officer generally does not need probable cause or reasonable suspicion to justify knocking on the door and then making verbal inquiry." *United States v. Cephas*, 254 F.3d 488, 493 (4th Cir. 2001); *see also, United States v. Preston*, 209 F.3d 793, 785 (5th Cir. 2000); *United States v. Thomas*, 430 F.3d 274 (6th Cir. 2005); *United States v. Mowatt*, 513 F.3d 395 (4th Cir. 2008).

During the search and before being handcuffed after the search, Defendant volunteered the information that he was in the United States illegally and that the pistol and ammunition belonged to him.  Under these circumstances, prior *Miranda* warnings would not have been necessary. *United States v. Wright,* 991 F.2d 1182, 1186 (4th Cir. 1993).  Even so, a *Miranda* waiver form was voluntarily signed by Defendant and his statements are properly admissible in evidence against him.

The Court, therefore, concludes that the officers lawfully went to Defendant's home, gained his voluntary consent to enter, legally obtained

written consent to search his residence and his voluntary written waiver of his *Miranda* rights; thus, the statements made and evidence obtained should not be suppressed.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to suppress is hereby **DENIED**.

Signed: May 20, 2008

Lacy H. Thornburg
United States District Judge